Chen v. Holder
BIA
Hom, IJ
A089 253 329

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand thirteen.

PRESENT:
      ROBERT D. SACK,
      PETER W. HALL,
      SUSAN L. CARNEY,
          *Circuit Judges.*

_____

SHENGSHENG CHEN,

      *Petitioner,*

      v.                      **12-1337**
                                      **NAC**

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

      *Respondent.*

_____

FOR PETITIONER:      Peter L. Quan, New York, N.Y.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Blair T. O'Connor, Assistant Director; Edward C. Durant, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Shengsheng Chen, a native and citizen of China, seeks review of a March 8, 2012 order of the BIA affirming the February 3, 2010 decision of an Immigration Judge ("IJ"), which denied Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shengsheng Chen*, No. A089 253 329 (B.I.A. Mar. 8, 2012), *aff'g* No. A089 253 329 (Immig. Ct. N.Y. City Feb. 3, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Initially, Chen contends that the BIA erred in finding that he did not file his asylum application within a reasonable time of the cited change in circumstances,

2

arising from his pro-China Democracy Party ("CDP") activities in the United States.  The BIA assumed, however, that Chen filed his application within a reasonable time of the start of his CDP activities, but concluded that his CDP activities did not establish an exception to the one-year filing requirement for asylum applications because they did not place him "at risk of harm" in China.  Because he has not raised a justiciable legal question challenging the basis of that determination, we lack jurisdiction to review the agency's pretermission of Chen's asylum application as untimely.  *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); 8 C.F.R. § 1208.4(a)(4); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Chen also challenges the agency's denial of withholding of removal, contending it is objectively reasonable that he will be persecuted in China because of his CDP activities in the United States.  He concedes that he has no apposite evidence other than his own testimony.  Without objective evidence either that he would be singled out individually for persecution, or that there exists a pattern or practice of persecution of CDP members in China for their activities in the United States, the BIA reasonably determined that

3

Chen's testimony was speculative and thus insufficient to meet his burden of proof. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142-43 (2d Cir. 2008); *Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005). Moreover, to the extent Chen contends that it was impossible for him to obtain objective evidence, he misapprehends the effect of the assignment to him of the burden to establish a clear probability that "authorities in [China] are either aware... or likely to become aware of his [CDP] activities." *Hongsheng Leng*, 528 F.3d at 143. Because Chen failed to prove affirmatively a clear probability of future persecution, the agency did not err when it denied withholding of removal. *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564-65 (2d Cir. 2006).

The agency's denial of CAT relief is not before us, since Chen did not challenge it in his brief. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, the pending motion for a stay of removal is DISMISSED as moot. Any pending request for oral argument is

4

DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk